UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANGEL BORGES,

                              Plaintiff,

        -against-                                    9:20-CV-0245 (LEK/DJS)

SCHENECTADY COUNTY, *et al.*,

                              Defendants.

---

## <u>MEMORANDUM-DECISION AND ORDER</u>

## I.    INTRODUCTION

        Plaintiff Angel Borges commenced this action by filing a pro se civil rights complaint

pursuant to 42 U.S.C. § 1983, together with an application for leave to proceed in forma pauperis

("IFP"). Dkt. Nos. 2 ("Complaint"), 7 ("IFP Application").[1] On April 29, 2020, this Court

granted Plaintiff's IFP Application, but following review of the Complaint pursuant to 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A(b), found that it was subject to dismissal for failure to state a claim

upon which relief may be granted. Dkt. No. 10 ("April 2020 Order"). In light of Plaintiff's pro se

status, he was afforded an opportunity to submit an amended complaint. Id. at 10–12.

        Thereafter, Plaintiff filed an amended complaint. Dkt. No. 11 ("Amended Complaint").

On September 8, 2020, the Court dismissed Plaintiff's § 1983 claims against Schenectady

County, Corrections Sergeant Catalano, Nurse Jane Doe #1, Nurse Jane Doe #4, and Nurse Jane

---

        [1]  This action was originally commenced in the Southern District of New York. On
February 27, 2020, the Honorable Colleen McMahon ~~of the Southern District of New York~~
transferred the action to this District. Dkt. No. 4. Transfer was completed on March 5, 2020. Dkt.
No. 5. Thereafter, Plaintiff's initial application to proceed IFP was denied as incomplete and the
action was administratively closed. Dkt. No. 6. Plaintiff then timely filed his IFP Application,
together with an inmate authorization form, and this action was re-opened. Dkt. Nos. 7–9~~, 8, 9~~.

Doe #5, and found that his Fourteenth Amendment medical indifference claims against Nurse Jane Doe #2, Nurse Jane Doe #3, and Doctor John Doe survived sua sponte review. See Dkt. No. 13 ("September 2020 Order") at 6–14. In light of Plaintiff's inability to identify any of these "Doe" officials by name, the Court ordered the Schenectady County Attorney's Office to produce, to the extent possible, information regarding the complete names of these "Doe" defendants within thirty days pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997) (per curiam). Id. at 15.

On October 15, 2020, the Schenectady County Attorney's Office filed a response to the Valentin directive wherein counsel advised that "[t]he County of Schenectady does not have direct access to the records that would provide [the requested] information" because the County "contracts with a private entity, CFG Health Systems, LLC (and its affiliated entities), to provide medical care in the Schenectady County Jail." Dkt. No. 15. On October 27, 2020, the Court, among other things, directed the County Attorney for Schenectady County to make a good-faith attempt to utilize its relationship with CFG Health Systems, LLC (and its affiliated entities) and obtain the information specified in the September 2020 Order regarding the identities of the Doe defendants. Dkt. No. 16.

On December 11, 2020, the First Deputy County Attorney for Schenectady County filed a letter enclosing the response received by the County from CFG Health Systems, LLC regarding the identities of the Doe defendants. Dkt. No. 18 ("Doe Letter Response"). On December 14, 2020, Plaintiff was directed to review the Doe Letter Response and, to the extent he was able to do so, submit a proposed second amended complaint which substitutes any identifiable defendant in place of the appropriate "Doe" defendant. See Dkt. No. 19.

Presently before the Court is Plaintiff's second amended complaint. Dkt. No. 20 ("Second Amended Complaint" or "SAC").

II.  **DISCUSSION**

**A.  The Amended Complaint and September 2020 Order**

The "PARTIES" section of the Amended Complaint identified the following defendants: (1) Schenectady County; (2) Corrections Sergeant Catalano; (3) "Doctor"; (4) Nurse Jane Doe #1; (5) Nurse Jane Doe #2; (6) Nurse Jane Doe #3; (7) Nurse Jane Doe #4; and (8) Nurse Jane Doe #5. See Am. Compl. at 2–4.

The Court construed the allegations in the Amended Complaint to assert a Fourteenth Amendment medical indifference claim against each defendant, and a Fourteenth Amendment excessive force claim against Catalano. See September 2020 Order at 6. Because Plaintiff named five "Doe" nurses as defendants, and the Amended Complaint identified only three occasions when Plaintiff was evaluated by a nurse at the Schenectady County Jail, the Court assumed that (1) Plaintiff was never evaluated more than once by the same nurse during his confinement at Schenectady County Jail, and (2) each "nurse" who allegedly evaluated Plaintiff at the Schenectady County Jail was intended to be identified as a "Doe" defendant. Id. at 3 n.5. Thus, the Court dismissed Plaintiff's claims against Nurse Doe #4 and Nurse Doe #5 based on the absence of any allegations suggesting that Plaintiff received medical attention from more than three nurses during his confinement at Schenectady County Jail. Id. at 6–7. In addition, the Court dismissed Plaintiff's claims against Schenectady County, Sergeant Catalano, and Nurse Doe #1 for failure to state a claim upon which relief may be granted. Id. at 7–14.

3

The Court found that Plaintiff's medical indifference claims against Doctor John Doe, Nurse Doe #2, and Nurse Doe #3 survived sua sponte review. See September 2020 Order at 12. Plaintiff's medical indifference claim against Nurse Doe #2 arose out of her alleged evaluation of Plaintiff roughly one week before he was seen by Doctor John Doe, and his medical indifference claim against Nurse Doe #3 arose out of her alleged evaluation of Plaintiff on November 29, 2019. Id. at 2–6.

### B. Doe Letter Response

Although the Amended Complaint specifically identified only three occasions between September and November, 2019 when Plaintiff was evaluated at the medical facility at the Schenectady County Jail, the Doe Letter Response makes clear that Plaintiff was evaluated on eight occasions between September and November 2019 by either a doctor, a nurse practitioner, or one of four different nurses. See Doe Letter Response at 2. Specifically, the Doe Letter Response indicates that Plaintiff was evaluated as follows: (1) on September 18, 2019, by Brittany Mosby; (2) on September 23, 2019, by Brittany Mosby; (3) on October 24, 2019, by Megan Frederick; (4) on October 26, 2019, by Lynne Miller; (5) on November 3, 2019, by Chrystine Byrnes; (6) on November 4, 2019, by Doctor McPhillips; (7) on November 23, 2019, by Brittany Mosby; and (8) on November 29, 2019, first by Megan Frederick, and then by Julina Scott. Id. The Doe Letter Response also indicates that Plaintiff was transported to an outside hospital for evaluation on September 18, 2019, following his evaluation by Brittany Mosby. Id.

### C. Second Amended Complaint

Because Plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his Second Amended Complaint must be reviewed in accordance with

28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The legal standard governing the review of a pleading pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) was discussed at length in the April 2020 Order and it will not be restated in this Memorandum-Decision and Order. See April 2020 Order at 2–4.

The Second Amended Complaint re-asserts each of the same claims that were asserted in the Amended Complaint, including the claims that were dismissed without prejudice. See generally SAC. The factual assertions set forth in the Second Amended Complaint are virtually identical to those set forth in the Amended Complaint, except that in the "PARTIES" section, Plaintiff now identifies the Nurse Doe defendants as Brittany Mosby, Megan Frederick, Lynne Miller, Chrystine Byrnes, and Julina Scott, and Doctor John Doe as John McPhillips. Compare Am. Compl. with SAC.[2] Despite the information provided in the Doe Letter Response, the body of the Second Amended Complaint still does not identify any of the Defendants by name, or provide any new details regarding Plaintiff's medical evaluations between September and November 2019.

Insofar as the Second Amended Complaint properly names Doctor McPhillips as a defendant in place of Doctor John Doe, and asserts a Fourteenth Amendment medical indifference claim against him, that claim survives sua sponte review for the reasons set forth in

---

[2]   The Clerk is directed to update the docket to add these officials as defendants and terminate each of the "Doe" defendants.

the September 2020 Order.[3]  See September 2020 Order at 10–12.  In so ruling, the Court

expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

Insofar as the Second Amended Complaint re-asserts a medical indifference claim against

one of the named nurses based on alleged wrongdoing that occurred roughly one week after

Plaintiff was sent to an outside hospital, that claim is once again dismissed for the reasons set

forth in the September 2020 Order. See September 2020 Order at 10–13.

Insofar as the Second Amended Complaint re-asserts a medical indifference claim against

a "nurse" based on alleged wrongdoing that occurred roughly one week before Plaintiff was

evaluated by Doctor McPhillips, which the Court previously found survived sua sponte review,

the body of the Second Amended Complaint fails to identify which of the named defendants was

personally involved in this wrongdoing. Moreover, it is now clear from the Doe Letter Response

that Plaintiff was seen on two occasions roughly one week before he was evaluated by Doctor

McPhillips—October 24 and October 26, 2019—and the Court is unable to discern which date

the wrongdoing described in the Second Amended Complaint occurred on. Thus, if Plaintiff

wishes to pursue his Fourteenth Amendment medical indifference claim based on alleged

wrongdoing that occurred roughly one week before he was seen by Doctor McPhillips, he must

file a third amended complaint wherein he identifies the defendant(s) by name in the body of the

---

[3]  The legal standard governing Fourteenth Amendment medical indifference and
excessive force claims, as well as § 1983 claims against a municipality, was discussed at length
in the September 2020 Order and will not be restated herein.  See September 2020 Order at 7–14.

pleading, and/or provides additional information regarding the alleged wrongdoing, including that date(s) that it occurred.[4]

Insofar as the Second Amended Complaint re-asserts a medical indifference claim against a "nurse" based on the alleged events that occurred on November 29, 2019, which the Court previously found survived sua sponte review, the Doe Letter Response makes clear that Megan Frederick evaluated Plaintiff on this date, and then referred him to Julina Scott for further evaluation. See Doe Letter Response at 2. Thus, the Court incorrectly assumed in the September 2020 Order that the nurse who evaluated Plaintiff at his cell on this date and escorted him to the medical facility was the same nurse who evaluated Plaintiff further at the medical facility.

In light of the Doe Letter Response, and the absence of any clarifying allegations in the Second Amended Complaint, the Court can now only assume that the nurse who allegedly visited Plaintiff at his cell and escorted him to the medical facility on November 29, 2019 was Megan Frederick, and the nurse who evaluated him further at the medical facility was Julina Scott. Based on this assumption, the Court cannot plausibly infer that Megan Frederick engaged in any conduct that she knew, or should have known, posed an excessive risk to Plaintiff's health or safety. Accordingly, while Plaintiff's medical indifference claim against Julina Scott survives sua sponte review for the reasons set forth in the September 2020 Order, Plaintiff has failed to

---

[4] Plaintiff is advised that any amended pleading will completely replace the operative pleading in the action, and that no portion of any prior complaint shall be incorporated into his third amended complaint by reference. Thus, should Plaintiff choose to file a third amended complaint, he must clearly identify in the caption and in the body of the pleading all of the individuals he seeks to name as defendants in this action. In addition, Plaintiff must include in the body of the third amended complaint specific allegations of misconduct or wrongdoing by each defendant sufficient to state a claim against them pursuant to § 1983.

state a medical indifference claim against Megan Frederick, and his § 1983 claim against her is therefore dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Lastly, insofar as the Second Amended Complaint re-asserts any § 1983 claims against Schenectady County or Corrections Sergeant Catalano, those claims are once again dismissed for the reasons set forth in the September 2020 Order. See September 2020 Order at 7–14.

### D.  Service on McPhillips and Scott

Although Plaintiff's § 1983 claims against defendants McPhillips and Scott have survived sua sponte review, the Doe Letter Response indicates that these officials no longer work for CFG Health Systems, LLC—the company that has a contractual relationship with the Schenectady County Jail and employed them during the events giving rise to Plaintiff's claims. See Doe Letter Response at 1–3. In light of this information, the Clerk of Court shall send a copy of the Second Amended Complaint and this Memorandum-Decision and Order to the Schenectady County Attorney's Office. Pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997), the Court requests that the Schenectady County Attorney's Office attempt to ascertain, with the assistance of CFG Health Systems, LLC, if necessary, current addresses where defendants McPhillips and Scott can be served. The Schenectady County Attorney's Office need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which Plaintiff may name and properly serve these defendants as instructed by the Second Circuit in Valentin.

The Schenectady County Attorney's Office is hereby requested to produce the information specified above, to the extent that it can, within thirty (30) days of the filing date of this Memorandum-Decision and Order. The information should be sent to the Clerk of Court for

the Northern District of New York under seal, along with a copy of this Memorandum-Decision and Order. This information should not be sent to Plaintiff. Once this information is provided, the Clerk shall return this file to the Court for further review.

III.     **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Second Amended Complaint (Dkt. No. 20) is **ACCEPTED** for filing and is the operative pleading in this action; and it is further

**ORDERED**, that the Clerk shall revise the docket to add the following officials as defendants: (1) Brittany Mosby; (2) Megan Frederick; (3) Lynne Miller; (4) Chrystine Byrnes; (5) Julina Scott; and (6) John McPhillips; and it is further

**ORDERED**, that the Clerk shall **TERMINATE** Nurse Jane Doe #2, Nurse Jane Doe #3, and Doctor John Doe as defendants; and it is further

**ORDERED**, that Plaintiff's Fourteenth Amendment medical indifference claims against defendants McPhillips and Scott **SURVIVE** sua sponte review and require a response; and it is further

**ORDERED**, that if Plaintiff wishes to pursue his Fourteenth Amendment medical indifference claim based on events that occurred shortly before November 4, 2019, he must file a third amended complaint as directed above within thirty (30) days from the filing date of this Memorandum-Decision and Order; and it is further

**ORDERED**, that, if Plaintiff timely files a third amended complaint, this matter be returned to the Court for further review; and it is further

9

**ORDERED**, that all remaining claims are **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED**, that the Clerk shall send a copy of the Second Amended Complaint and this Memorandum-Decision and Order to the Schenectady County Attorney's Office. To the extent possible, the Schenectady County Attorney's Office is hereby requested to produce, **UNDER SEAL**, the information specified above regarding a service address for defendants McPhillips and Scott **within thirty (30) days** of the filing date of this Decision and Order. Upon receipt of a response from the Schenectady County Attorney's Office, as directed above, the Clerk shall return this file to the Court for further review; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on the Plaintiff, in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      April 08, 2021
               Albany, New York

Lawrence E. Kahn
U.S. District Judge