**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

ANGEL BORGES,

                Plaintiff,

      v.                                        9:20-CV-245 (AMN/DJS)

JOHN McPHILLIPS,

                Defendant.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

**APPEARANCES:**                              **OF COUNSEL:**

**ANGEL BORGES**
Schenectady, New York 12308
*Plaintiff, pro se*

**PHELAN, PHELAN, & DANEK, LLP**            **TIMOTHY TRIPP, ESQ.**
300 Great Oaks Blvd., Suite 315            **ELIZABETH A. WEIKEL, ESQ.**
Albany, New York 12203
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.      INTRODUCTION

On February 26, 2020, Plaintiff *pro se* Angel Borges commenced this action pursuant to

42 U.S.C. § 1983 alleging that Defendant violated his federal constitutional rights regarding the

provision of medical care while Plaintiff was incarcerated at the Schenectady County Correctional

Facility ("SCCF") ("Complaint").  Dkt. No. 2.[1]  Plaintiff filed an Amended Complaint on January

15, 2021.  Dkt. No. 20.  Defendant now moves for summary judgment under FED. R. CIV. P. 56

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic
filing system.

based on Plaintiff's failure to exhaust administrative remedies and on the merits of the claim.  Dkt. No. 65-1 at 4-17 (the "Motion").  Plaintiff failed to respond to the Motion.

This matter was referred to United States Magistrate Judge Daniel J. Stewart, who, on July 1, 2024, recommended that the Court grant Defendant's Motion.  Dkt. No. 72 ("Report-Recommendation").  Magistrate Judge Stewart advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 12.  Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted).  The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022).  After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.[2]

Magistrate Judge Stewart first concluded that Defendant had not carried his burden of identifying the grievance procedures that exist at Schenectady County Correctional Facility, and thus, found his motion for summary judgment should be denied insofar as it is based upon the alleged failure to exhaust administrative remedies.  Dkt. Not. 72 at 7-8 (citing *Hubbs v. Suffolk*

---

[2] On August 30, 2024, the docket indicates that the Report-Recommendation sent to Plaintiff was returned as undeliverable at Plaintiff's current address.  Dkt. No. 73.  Plaintiff last updated his address on December 14, 2023.  Dkt. No. 68.  The local rules require Plaintiff to update the address listed on the docket within 14 days of a change of address or risk dismissal of the action.  *See* N.D.N.Y.L.R. 10.1(c)(2); N.D.N.Y. L.R. 41.2(b).  As such, Plaintiff has forfeited his opportunity to object, and the failure to update his address constitutes an independent ground for dismissal of the action.

*Cnty. Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015)).  Magistrate Judge Stewart also concluded that the record failed to establish a claim for medical indifference under the Fourteenth Amendment.  *Id.* at 8-11.  The Court agrees with Magistrate Judge Stewart for the reasons set forth in the Report-Recommendation.  *See, e.g., Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim,"); *see also Charles v. Orange Cnty.*, 925 F.3d 73, 87 (2d Cir. 2019) (requiring recklessness for a medical indifference claim under the Fourteenth Amendment).

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 72, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the Defendant's motion for summary judgment, Dkt. No. 65, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 20, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>September 4, 2024</u>
        Albany, New York

Anne M. Nardacci
U.S. District Judge

4